NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0787n.06
Filed: October 23, 2006

Case No. 05-2165

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| VENUS HEARD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| SBC AMERITECH CORPORATION, | ) | DISTRICT OF MICHIGAN |
| A Delaware Corporation, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |

BEFORE: BATCHELDER and MCKEAGUE, Circuit Judges; ACKERMAN,[*] District Judge.

**ALICE M. BATCHELDER, Circuit Judge.** The appellant, Venus Heard, appeals the

district court's denial of her motion to amend her complaint. Because the promissory estoppel claim

that Heard sought to add to her complaint is pre-empted by Section 301 of the Labor Management

Relations Act (the "LMRA"), 29 U.S.C. § 185(a) *et seq.*, and amendment would – as the district

court properly held – be futile, we affirm.

Heard is a former employee of the appellee, SBC Ameritech ("Ameritech"). Because of her

own health problems and those of her minor son, Heard was frequently absent from her job. In late

2002, Heard's son was hospitalized, which required Heard to miss four consecutive days of work.

_____

[*]The Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

She notified her supervisor of the reason for her absence, requested leave under the Family Medical Leave Act (the "FMLA"), and gave the appropriate medical certification form to her son's nurse for completion by the doctor. According to Heard, the nurse placed the form in a file and never sent it to Ameritech. Ameritech denied Heard's request for FMLA leave because it never received her medical certification. Later, when Heard exceeded her unexcused absence limit, Ameritech terminated her employment.

Heard filed a complaint and a virtually identical first amended complaint in the district court. The first count claimed that her termination by Ameritech violated the FMLA because Ameritech did not inform her that it had not received her medical certification. The second count claimed that Ameritech had terminated her employment in retaliation for her exercising her rights under the FMLA. After Ameritech moved for summary judgment, Heard filed a pleading entitled "Plaintiff's Response to Defendant's Motion for Summary Judgment . . . and Plaintiff's Motion to Amend Complaint . . . ." A proposed Second Amended Complaint was attached to this pleading as an exhibit. The response conceded that Ameritech was entitled to judgment on both counts of the complaint. The proposed Second Amended Complaint contained only a state law claim for promissory estoppel alleging that Heard had detrimentally relied on Ameritech's leave policy and that Ameritech had not followed the policy. The district court granted Ameritech's motion for summary judgment and denied Heard's motion to amend the complaint. Heard appeals only the denial of leave to amend her complaint.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course. Afterward, "a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). "[I]t is well settled

law that the district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986). "[W]hen a district court bases its decision solely on a legal conclusion that the amended pleading would not withstand a motion to dismiss, this court must review the legal conclusion *de novo*." *Id.*

The district court in this case denied Heard's motion on two separate bases. First, the court held that Heard's proposed amended complaint did not state any basis for federal jurisdiction under 28 U.S.C. §§ 1331 or 1332. Second, the court held that amending the complaint as Heard proposed would be futile. Pointing out that the terms of Heard's employment were governed by a collective bargaining agreement, the court held that because Michigan law permits the application of promissory estoppel only in the absence of a contract covering the same subject matter, Heard could not bring a promissory estoppel claim. Furthermore, the court held, even if the claim were permissible under state law, it would be pre-empted by Section 301 of the LMRA.

Although it is clear that the proposed amended complaint does not state any federal question, it is not clear whether Heard could, if given the opportunity to do so, plead facts to support diversity jurisdiction. We need not tackle the jurisdictional issue, however, because even if Heard could demonstrate the existence of diversity jurisdiction, her proposed claim would be preempted.

"[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (internal citation omitted). Furthermore, we have not "limited § 301 pre-emption to cases where the precise meaning of precise words in the CBA is the crux of the

3

state-based claim." *Jones v. General Motors Corp.*, 939 F.2d 380, 383 (6th Cir. 1991). "Rather, we have found many state-based claims pre-empted because they have implicated the federal policies underlying federal labor law." *Id.* For example, we have found pre-emption where the rights in dispute were created by a collective bargaining agreement, where the implicated employment relationship was subject to a collective bargaining agreement, and where the state-law claim required the court to examine "the practices and customs of a workplace whose conditions are governed by a CBA." *Id.* (collecting cases).

We employ a two-part test to determine whether a state-law claim is pre-empted by Section 301 of the LMRA. *Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004).

> First, courts must determine whether resolving the state-law claim would require interpretation of the terms of the collective bargaining agreement. If so, the claim is preempted. Second, courts must ascertain whether the rights claimed by the plaintiff were created by the collective bargaining agreement, or instead by state law. If the rights were created by the collective bargaining agreement, the claim is preempted. In short, if a state-law claim fails *either* of these two requirements, it is preempted by § 301.

*Id.* (emphasis in original, citations omitted).

Heard argues that her state law promissory estoppel claim is not pre-empted under the *Mattis* test because it does not rely on a specific provision of the collective bargaining agreement, and is not a claim of unjust termination, but rather, "her claim rests on the policies and practices of [Ameritech] as they relate to the FMLA." We disagree. Heard's claim is quintessentially one of wrongful termination. Heard conceded in the proceedings before the district court that her FMLA claims were without merit, and that her leave entitlement and allegedly improper discharge were governed by the collective bargaining agreement. Further, the record reflects that after she was discharged for excessive absences, the union instituted a grievance proceeding on her behalf,

4

claiming that the discharge violated the terms of the agreement.

We have no doubt that in order to address Heard's state law claim, the district court would be required to interpret the terms of the collective bargaining agreement, and *Mattis* therefore mandates pre-emption. Furthermore, the court could not adjudicate Heard's claim without examining "the customs and practices" of Ameritech's workplace in contravention of *Jones*, 939 F.2d at 383. Heard cannot make an end run around federal labor law simply by asserting that the collective bargaining agreement does not spell out the precise details of Ameritech's leave policy. The district court did not err in concluding that Heard's state law claim would be pre-empted by section 301, and that the proposed amendment to the complaint would be futile.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.